JACOB GOLD, APPELLANT, v. DAVID SCHNEIDER ET AL., APPELLEES.

Submitted November term, 1923—Decided March 8, 1924.

**Sale of Lands—Contract—Changed at Request of One of the Parties Orally—Such Party Cannot be Heard to Plead the Statute to Protect Him From the Contract.**

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the appellant, *Heyman & Heyman.*

For the appellees, *Gross & Gross.*

PER CURIAM.

This action was brought for the recovery of $1,000, paid by the plaintiff to the defendants, under a written contract on account of the purchase price of certain lands therein described. The case was tried before a jury and resulted in a verdict for the defendants, and the plaintiff appeals.

The written contract provided that this property should be conveyed, subject to certain mortgages to be held by banks, the particular banks not being specified. When the deed was tendered, the mortgages as provided by the contract had been procured, but were not held by banks, and therefore the plaintiff refused to accept the deed. The defendants met that situation by proof that the plaintiff shortly

after the contract was signed came to them and asked to have the contract changed so that the mortgages should be made out to individuals instead of to banks; and that the defendants thereupon, although they had arranged for the bank mortgages, made the change in accordance with the plaintiff's request. This agreement was oral, and, manifestly, could not operate to change the written contract. But the defendants are not litigating upon that theory. The question presented is whether the plaintiff, after persuading the defendants to agree to the change in the written contract is estopped to assert that he is entitled to have his money back, because of the failure of the defendants to comply with the provisions of the written agreement, which he caused to be altered. The only ground of appeal is based upon the theory that the plaintiff can rely upon the written contract and enforce its provisions, when he was the active instrumentality in bringing about its alteration to suit his own convenience.

Manifestly, the trial court was correct in invoking the doctrine of estoppel against him, for, as was declared in *Thorne* v. *Mosher*, 20 *N. J. Eq.* 257, a party is not allowed to take advantage of an act done, or the omission to do it, where such act or omission was designedly caused by himself.

The judgment will be affirmed.